UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL-MALIK FRUITKWAN SHABAZZ<br>f/k/a/ EDWARD LEVI SINGER,<br><br>        v.<br><br>UNITED STATES OF AMERICA. | No. 3:12-CV-1825 (SRU) |

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND
MOTION FOR RELIEF FROM JUDGMENT**

Al-Malik Fruitkwan Shabazz, f/k/a Edward Singer, appearing *pro se*, has moved to vacate judgment and for writ of habeas corpus pursuant to 28 U.S.C. § 2255, and moves for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Shabazz is currently confined to Berlin Federal Correctional Institution in Berlin, New Hampshire, having been sentenced to 235 months' imprisonment to be followed by a period of five years of supervised release for his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  A jury returned a guilty verdict against Shabazz on October 27, 2004 and he was sentenced on April 6, 2005.  The court held that the Armed Career Criminal Act, 18 U.S.C. § 924(c) ("ACCA"), and United States Sentencing Guidelines §4B1.4 applied to Shabazz's sentence.  Shabazz appealed and on July 20, 2007, the Second Circuit Court of Appeals affirmed his sentence.  *United States v. Singer*, 241 F. App'x 727 (2d Cir. 2007).  On December 21, 2012, Shabazz filed the present motions, arguing that the ACCA should not apply to his sentence because two of his prior convictions should not have been treated as "violent felony" offenses and seeking relief from judgment for related reasons.  For the reasons stated below, Shabbaz's motions are **DENIED**.

Shabbaz's habeas petition is barred by the one-year statute of limitations governing section 2255 motions. This one-year statute of limitations begins to run after the latest of one of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Shabbaz filed this motion to vacate more than four years after the expiration of the one-year statute of limitations and none of the alternative dates for commencement of the running of the limitations period applies.

Shabbaz's judgment became final on November 21, 2007, 90 days after the district court's entry of final judgment following the Court of Appeals decision. Thus, the statute of limitations expired on November 21, 2008. There was no "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States" blocking Shabazz's ability to file a petition, accordingly section 2255(f)(2) does not apply. Section 2255(f)(3) does not apply because Shabazz's claim does not involve a newly recognized right. Finally, section 2255(f)(4) does not apply because the only facts supporting Shabazz's claim—that his prior convictions were not a proper basis for the application of ACCA to his sentence—were reasonably discoverable long before the conviction became final because those convictions were known to him before his sentencing on April 6, 2005. In any event, Shabazz appears to have as many as five other prior convictions that would qualify as ACCA predicates,

i.e., first and second degree burglary.

Shabbaz has also moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) sets forth grounds for relief from a final judgment or order, which are "addressed to the sound discretion of the district court." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted). In pertinent part, Rule 60(b) permits courts to grant such relief when:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (4) a judgment is void; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (4), (6). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *accord Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, courts require that the evidence in support of [a Rule 60(b) motion] be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

No exceptional circumstances suggest that relief from judgment is proper here. Shabbaz has presented no valid argument challenging this court's jurisdiction when it entered judgment against him. Nor has he presented any newly discovered evidence not available to him at the time of sentencing with respect to his prior convictions or shown that he was obstructed in his

- 4 -

efforts to discover that his prior convictions were not ACCA predicates and, thus, there was "fraud on the court" justifying relief from judgment.

For the reasons set forth above, Singer's motion is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of December 2013.

                                                /s/ Stefan R. Underhill  
                                                Stefan R. Underhill  
                                                United States District Judge